Nicholson, C. J.,
delivered the opinion of the court.
It is insisted for complainant that the Chancellor erred in annulling and setting aside the decree entered on the" 20th of December, 1865, in favor of complainant against defendant, and allowing him to file his bill by way of defense to the original bill, under s. 3529 of the Code. The ground stated in the original bill for the attachment was that “defendant has absconded and left the State- of Tennessee, and gone beyond the limits thereof, so that .the ordinary process of law can not be served upon him.” After publication a decree ivas rendered on the 20th of December, 1865, giving judgment on the note claimed to be due, and ordering the land of defendant to be sold. • Before the confirmation of the sale, and within twelve months of the rendition of the decree, defendant applied for leave to file his bill by way of making his defense to the bill of complainant. The bill was allowed to be" filed against the exception of complainant.
It is provided in s. 3529 of the Code, that “in all cases of attachment sued out because the defendant resides out of the State, or has merely removed himself or property from the State, the judgment or decree by default may be set aside upon application of the defendant and good cause shown, within twelve months thereafter, and defense permitted on such terms as the court or justice may impose.”
It is only in the two cases specified, viz., when the defendant is alleged to be a non-resident, and when *90 be is alleged to have merely removed himself or property from the State, that the court can set aside a decree within twelve months and permit a defense, and even then it must be on good cause shown.
Before the defendant in the present case could entitle himself to the benefit of this provision, it was incumbent on him to show that the attachment had issued upon one of the two grounds specified in s. 3529. In the case of Smith v. Foster, 3 Col., it was held that if the attachment issues in the alternative because of the non-residence or the absconding of the defendant, to entitle him to the benefit of a defense under this section, it is incumbent on him to show that the true ground of the attachment was the non-residence and not the absconding of the defendant.
In the present case the only one of the grounds authorizing attachments distinctly, stated in the bill, is “that the defendant has absconded and left the State, and gone beyond the limits thereof, so that the ordinary process of law can not be served on him.” This is not an allegation of non-residence, but simply of absconding and going beyond the reach of process.
Nor does the defendant in his bill show that in fact he was a non-resident, but, on the contrary, so states his position as to negative the idea of non-residence. Nor does he in terms deny that he was absconding.
He says: “By the allegation of the bill, this complainant was beyond the limits of the State and his residence unknown. In point of fact he states *91 be was away for tbe same reason that many others were gone from the country, because he did not deem himself safe in the country during the continuation of the civil war.”
In the case of Smith v. Foster, just cited, it was said by the court, that “the party seeking to set aside the judgment must show in a cause like this that he was in fact a non-resident of the State, and was not in fact so absconding that the ordinary process of law could not be served upon him; and having shown these facts, he would then have a right to have the judgment set aside upon showing good cause therefor, but not until then.”
In the case before us, the allegation that defendant was absconding and had gone beyond the limits of the State being the only ground for the attachment, and defendant having failed to show that he was beyond the limits of the State as a non-resident, it follows that he was not entitled under s. 3529 of the Code to have the judgment by default set aside, even if he had shown good cause therefor. The merits set forth in his bill rests entirely updn the fact that the note on which complainant’s attachment was based was executed upon the consideration of Confederate money, and for that reason he insisted that the note was a nullity. There was no merit in this cause of defense, either legal or moral.
It follows that the original judgment and decree were erroneously set aside and annulled, and for this error the decree in the cause of Wyatt against Gill is reversed and the parties restored to their condition and *92 rights under the original decrees in the case of Gill against Wyatt.
The costs will be paid by defendant Wyatt.