## M. CAIN *v*. PETER JENNINGS.

### April Term, 1876.

CHANCERY PRACTICE — SETTING ASIDE A DECREE BY DEFAULT. — Under a statute which authorizes the defendant in a suit by attachment, sued out against him because he resides out of the state, to set aside the decree by default upon his application, "and good cause shown," within twelve months thereafter, the "good cause" must, it seems, go to the merits; and, at any rate, if the matter relied on be in abatement, it must be distinctly and unequivocally stated, and negative the ground of attachment.

*John Ruhm*, for defendant.

THE CHANCELLOR: — On July 6, 1874, the complainant filed his original bill, claiming to be a creditor of the defendant, Jennings, by foreign judgment, by note, and by account, and asking for an attachment of the defendant's estate upon

the ground that he was a non-resident of the state. A *fiat* was obtained, and attachment issued and was levied, on the same day, upon a lot in Nashville. After the levy, the building upon the lot was destroyed by fire, and the complainant filed an amended and supplemental bill to bring the insurance company by which the building was insured before the court, and to impound the insurance money for the benefit of the complainant's debt. Publication was duly made for the defendant, Jennings, on July 28, 1874, requiring him to appear and defend the original bill on the first Monday of October, 1874. On September 1, 1874, publication was also made for him, under the amended and supplemental bill, to appear and defend on the first Monday of October, 1874. On July 7, 1875, a decree was rendered in the cause, upon a *pro confesso* taken against Jennings, declaring the right of the complainant to a judgment against Jennings for the amount of the debt claimed, and to subject the land attached and the insurance money to the satisfaction thereof, and referring it to the master to take an account of the complainant's debt, and report *instanter*. The master made his report on the same day, and this report was confirmed, and the lot ordered to be sold in satisfaction thereof.

On April 12, 1876, the defendant, Jennings, appears by his solicitor, and files an affidavit, upon which he moves the court, under the Code, sec. 3529, to set aside the decrees taken against him, and to allow him to make defence. This affidavit does not show that the applicant has any defence to the complainant's demands on the merits; nor does it admit or deny that he was a non-resident of the state at the filing of the original bill; nor does it show at what time he first became aware of the filing of that bill. The defendant and his learned counsel insist that they have a right, under the section of the Code mentioned, without any of these requisites, to appear at any time within twelve months after final decree, and have the same set aside as of course.

The affidavit is, in substance, that the defendant is a citizen

of Nashville, Tennessee, and has never had an idea of giving up his residence and citizenship there; that he is a contractor in the building of railroads, which business carries him wherever he can obtain employment, and whenever not engaged in his avocation, "which has but very seldom occurred during the last two or three years," he has spent his time with his family, at Nashville, — at the place sought to be reached by the complainant; that, as a contractor, he was employed in West Point, Kentucky, in the month of December, 1873, and, while so employed, he wrote to his wife to come to Kentucky, and bring their children with her, and stay awhile with him; that while his wife was with him she was delivered of a child, and, in consequence of the confinement, she remained there longer than she anticipated; that since his employment in West Point, Kentucky, he has been engaged as railroad contractor at Elizabethtown, Kentucky, and other points on the Paducah Railroad, while his family, during most of the time, has been in Nashville; he has himself frequently been off and on in Nashville during the aforesaid period, and he has never voted or claimed citizenship at any other place.

The Code, sec. 3529, provides as follows: "In all cases of attachment sued out because the defendant resides out of the state, or has merely removed himself or property from the state, the judgment or decree by default may be set aside, upon application of the defendant and good cause shown, within twelve months thereafter, and defence permitted upon such terms as the court or justice may impose."

The complainant has introduced the deposition of the defendant, given in another case, in which he admits that he knew of the filing of the original bill in this cause a few days after it was filed, and the affidavit of a solicitor in this court, stating, as a fact, that the defendant applied to his firm to defend the suit shortly after the bill was filed. The admission of this proof was objected to by the defendant.

The application rests upon the assumption that a defendant proceeded against by attachment as a non-resident has the right, under the Code, sec. 3529, within the time prescribed, to have the judgment set aside by denying under oath the ground of the attachment, or stating facts which amount to such denial. This construction treats the "good cause" required to be shown as matter in abatement of the suit. And the language of section 3530, which denies the defendant's right to put in issue the ground of the attachment "in all other cases," seems to favor this view. But, curiously enough, the only cases in which section 3529 has been considered seem to hold that the right to set aside the judgment depends upon the applicant actually showing that he is a non-resident, in which event the "good cause" would necessarily relate solely to the merits. "The party seeking to set aside the judgment must show that he was in fact a non-resident of the state." This is the language of the court in *Smith* v. *Foster*, 3 Coldw. 144, repeated substantially in *The State ex rel.* v. *Hall*, 3 Coldw. 265, and *Gill* v. *Wyatt*, 6 Heisk. 91. And the last of these cases expressly decides, what is implied in the others, that the "good cause" must go to the merits. For there the cause relied on was the fact that the consideration of the debt on which the attachment judgment was based consisted of Confederate money, and the court say: "There was no merit in this cause of defence, either legal or moral." See also *Ledgerwood* v. *Miller*, at Knoxville, June 10, 1876; Com. Rep., July 12, 1876. And this is in accord with the well-recognized principles that pleas in abatement are not favored (*Settle* v. *Settle*, 10 Humph. 504), and that equity will not interfere to deprive a person of a legal right, except upon grounds which go to the merits. *Lewis* v. *Simonton*, 8 Humph. 185; *Estis* v. *Patton*, 3 Yerg. 382; *Creed* v. *Scruggs*, 1 Heisk. 590. And there is a good deal of force in the ruling of Chancellor Zabriskie, that proceedings by attachment are not void

merely because the defendant was a resident of the state at the issuing of the attachment; that the foundation of the proceedings, and of the jurisdiction of the court, is not the non-residence of the defendant, but the affidavit, in good faith, of the plaintiff's belief of his non-residence. *Weber v. Weitling*, 3 C. E. Green, 441.. Where this good faith is wanting, and even, it may be, where the defendant is a citizen of the state, and not a non-resident, the remedy would be by original bill for the fraud.

If the "good cause" required to be shown by section 3529 in order to set aside the judgment relates to the merits, then the present application must fail, because the applicant does not show any defence whatever to the complainant's demand. And if it also includes a defence to the ground upon which the attachment is based, it is obvious that, in order to give effect to the word "good," the defence must be clear and meritorious. In other words, the affidavit relying on the fact ought to be positive, or state circumstances which would make the conclusion unquestionable, and ought to show that the applicant comes forward promptly upon discovery of the wrong complained of. The defendant is mistaken in supposing that the statute gives him the year as a matter of right, for, in that view, the words "upon good cause shown" would be useless and unmeaning. No cause can be good which involves laches or doubt. The affidavit should affirmatively show that the applicant has come forward at the earliest possible moment to assert his legal rights, or, at any rate, with reasonable speed. And if the affidavit be silent on the point, however objectionable counter-affidavits may ordinarily be, where a direct issue of fact is made, there can be no impropriety in showing important facts as to which the defendant is himself discreetly silent. I am of opinion that counter-proof, and certainly the defendant's own deposition, was admissible on this motion, to show that the defendant became aware of the pendency of this suit long

before the judgment complained of was rendered. *Wilson*
v. *Waters*, 7 Coldw. 323; *Miller* v. *Hild*, 3 Stockt. Ch. 25.
The fact that he did not make defence at once is strongly
persuasive that the defence now sought to be set up is de-
void·of real merit.

That defence, in order to be effective even as a plea in
abatement, must be that the defendant was not, at the
suing out of the original attachment, a non-resident of the
state of Tennessee. But he does not undertake to say so
in this affidavit showing "good cause." What he does
say is, that he is a citizen of Nashville, Tennessee, and has
never had an idea of giving up his residence and citizenship
there. But he admits, at the same time, that he is engaged
in an avocation which carries him wherever he can obtain
employment; that in December, 1873, he was employed in
West Point, Kentucky, and sent for his wife and children,
who remained with him, owing to his wife's confinement,
longer than anticipated; that, after his employment at West
Point, he has been engaged at Elizabethtown, Kentucky,
and other points on the Paducah Railroad. He adds,
"that whenever he was not engaged in his avocation,
*which has but very seldom occurred during the last two or
three years,* he has spent his time with his family at Nash-
ville." The substance of all this is, that while the defend-
ant considered himself a citizen of Tennessee, his business
has kept him out of the state since December, 1873, during
part of which time his whole family was with him, detained
by his wife's illness longer than anticipated. These facts,
while they may show that the defendant is a citizen of this
state, do not establish that he was not a non-resident of the
state, within the meaning of our attachment laws, at the
time of the suing out of the original attachment. And he
does not himself assert that he was not such a non-resi-
dent.

The distinction between residence and citizenship is well
established in the construction of the foreign attachment

laws of the different states. A person may be a citizen of a state, and at the same time a non-resident of the state, within the attachment laws. This was held in New York, in a case where a citizen had been absent three years, attending to a lawsuit at New Orleans. *Haggart* v. *Morgan*, 1 Seld. 422. The doctrine of this case has been substantially followed in New Jersey, Maryland, Mississippi, and Wisconsin. *Weber* v. *Weitling*, 3 C. E. Green, 441; *Risewick* v. *Davis*, 19 Md. 72; *Alston* v. *Newcomer*, 42 Miss. 186; *Wolf* v. *McGavock*, 23 Wis. 516. The same principle, though not perhaps to the same extent, has been recognized by our Supreme Court in *Foster* v. *Hall*, 4 Humph. 346; *Stratton* v. *Brigham*, 2 Sneed, 420; and *Kellar* v. *Baird*, 5 Heisk. 46.

Whether the defendant could have sustained a plea in abatement if filed in time is doubtful, upon his own showing. But there can be no doubt that his affidavit does not show "good cause" to set aside the judgment in order to make the issue, where the judgment was rendered with his knowledge, and where the affidavit does not negative the ground of the attachment. The application must be refused, with costs.

NOTE. — This decision was, upon appeal, affirmed. 2 Leg. Rep. 108.